UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT ARNEMAN,

                       Plaintiff,

           v.

REPUBLIC OF TURKEY, et al.,

                    Defendants.

22 Civ. 5701 (DEH)

**MEMORANDUM
OPINION AND ORDER**

DALE E. HO, United States District Judge:

Before the Court is the October 28, 2025 Report and Recommendation (the "Report" or

"R&R"), ECF No. 121, issued by Magistrate Judge Netburn recommending that:

- The parties' cross-motions as to Plaintiff's claim under New York Labor Law § 241(6)) be denied;

- Defendant the Republic of Türkiye's motion for summary judgment on Plaintiff's claims under New York Labor § 200 and for his common-law negligence claim be granted;

- Defendant New York City Acoustics' motion for summary judgment on Plaintiff's claims under New York Labor Law § 200 and for common law negligence be denied; and

- The motions for summary judgment of Defendants IC ICTAS Construction (Turkevi) LLC and IC ICTAS US Inc. ("ICTAS Contractor") be granted on all claims.

*See* R&R at 1-2.  For the reasons stated below, the well-reasoned Report is **ADOPTED IN FULL**.

### BACKGROUND

Familiarity with the factual background and relevant procedural history of this case as set

out in the Report is assumed.  *See generally* R&R at 2-3.

This action is assigned to Magistrate Judge Netburn for general pretrial supervision and

report and recommendation on dispositive motions.  *See* Order Referring Case to Magistrate Judge,

ECF No. 45.  On October 28, 2025, Magistrate Judge Netburn issued an R&R.  *See generally*

R&R. Only one set of objections was filed: by Plaintiff Robert Arneman as to Magistrate Judge Netburn's recommendation that his motion for summary judgment on his claim under New York Labor Law § 241(6) be denied. *See* Plaintiff's Objections to Report and Recommendation ("Pl.'s Obj."), ECF No. 122. Defendants timely responded to Plaintiff's objections. *See* Defendants' Response to Plaintiff's Objections to Report and Recommendation ("Defs.' Resp."), ECF No. 123. Plaintiff's objections are the subject of this Memorandum Opinion and Order and, for the reasons stated below, are overruled.

## LEGAL STANDARD

When reviewing a Report and Recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). For dispositive matters, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to" by any party. Rule 72(b)(3).[1] For those portions to which no proper objection is made, a district court need only satisfy itself that there is no "clear error on the face of the record." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 n.4 (2d Cir. 2022).

When a party has not properly made objections, for instance, by making "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers[, it] will not suffice to invoke *de novo* review." *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009). Accordingly, when a court is considering objections that "merely re-assert arguments already submitted to the Magistrate Judge, this Court need only review the Report and Recommendation for clear error."

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

*Id.*; *see also Pinkney v. Progressive Home Health Servs.*, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) ("To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error . . . . [N]o party [should] be allowed a 'second bite at the apple' by simply relitigating a prior argument."); *Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (noting that if the district court engaged with objections that are "general and conclusory . . . [this] would reduce the magistrate's work to something akin to a 'meaningless dress rehearsal'").

## DISCUSSION

### I.    Portions of the Report to which the Parties Did Not Object

The parties do not object to the bulk of the Report's recommendations.  In reviewing a magistrate judge's report and recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "In a case such as this one, where no timely objection has been made" to various recommendations in a Report, "a district court need only satisfy itself that there is no clear error on the face of the record" as to those portions of the Report.  *Kuan v. Notoriety Grp. LLC*, No. 22 Civ. 1583, 2023 WL 3936749, at *1 (S.D.N.Y. June 9, 2023).

The Court has reviewed the portions of the Report to which the parties did not object, and has found no error, clear or otherwise.  Accordingly, those portions of the Report are adopted in full.

### II.    Plaintiff's Claim under New York Labor Law § 241(6)

Mr. Arneman objects to the Report's recommendation that summary judgment be denied on his claim under New York Labor Law § 241(6).  Because this objection is to a recommendation on a dispositive matter, the Court reviews it *de novo*.

As the Report explains, and as no party disputes,

3

> New York Labor Law § 241(6) imposes a nondelegable duty upon owners, contractors, and their agents to "provide reasonable and adequate protection and safety for workers" and to comply with the specific safety rules promulgated by the Commissioner of the *Department of Labor. Ross v. Curtis Palmer Hydro-Electric Co.*, 81 N.Y.2d 494, 501-02 (1993) (quotation marks omitted). To prevail on a § 241(6) claim, a plaintiff must show that his injury was proximately caused by a violation of a specific and concrete Industrial Code regulation. *Zaino v. Rogers*, 153 A.D.3d 763, 760 (2d Dep't 2017) (citation omitted). A violation of an Industrial Code provision does not itself establish liability under § 241(6) but constitutes "some evidence which the jury may consider on the question of [] negligence." *Long v. Forest-Fehlhaber*, 55 N.Y.2d 154, 160 (1982).

Report at 7-8.

Mr. Arneman's claim is premised on an alleged violation of New York Industrial Code § 23-1.7(e)(1) and (2), which provides,

> (1) Passageways. All passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping. Sharp projections which could cut or puncture any person shall be removed or covered.

> (2) Working areas. The parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed.

12 N.Y.C.R.R. § 23-1.7(e)(1)-(2).

The Report concluded that there are two disputes of fact that preclude summary judgment on this claim: first, whether the screw that Mr. Arneman stepped on and which caused his injuries was a "sharp projection" within the meaning of the New York Industrial Code; and second, whether the screw originated from Defendant City Acoustics' work (in which case, the Report concluded, liability can also be imputed to Türkiye, as the duties imposed on owners under New York Labor Law § 241(6) are non-delegable). *See* Report at 7-10. Plaintiff objects to both conclusions, which the Court addresses in turn.

***Sharp Projection***. Mr. Arneman argues that the screw, which penetrated his boot and caused his injury, was obviously a sharp projection. *See* Pl.'s Obj. at 5. At an intuitive level, it is easy to understand why he would make such an argument. Given that it sliced through his boot

4

and into his foot, the screw was obviously "sharp."  But the issue here is whether it was a "projection" under New York law, and New York courts have held that a single screw that "did not project from the floor," but rather lay flat on the ground, is not.  *See Mooney v. BP/CG Ctr. II, LLC*, 179 A.D.3d 490, 491, 117 N.Y.S.3d 206 (1st Dep't 2020).  Here, there is conflicting testimony as to whether the screw in question was "lying on the floor" or if it was "sticking out."  Report at 8-9.  If the former, then the screw was not a "sharp projection," under New York law; if the latter, then it was.  Accordingly, the Report correctly determined that this factual dispute precludes summary judgment.

***Responsibility for the Screw***.  Mr. Arneman argues that, whoever left the screw in question on the site, it was Türkiye's non-delegable obligation to ensure the safety of the site under New York Labor Law § 241(6).  *See* Pl.'s Obj. at 5-6.  That is, regardless of whether it was City Acoustics or some other entity that left the screw there, Türkiye would ultimately still be responsible for it.  Defendants argue, among other things, that Mr. Arneman failed to raise this issue in his underlying summary judgment papers, and therefore cannot raise it now.  *See* Defs.' Resp. at 6.

The Court declines to resolve this issue.  As noted above, liability as to any entity is precluded based on the factual dispute as to whether the screw was a sharp "projection."  Unless it is settled, this case must proceed to trial.  And if a jury determines that the screw was a sharp projection, it must still determine the factual issue of City Acoustics' responsibility for it in order to resolve City Acoustics' liability.  Resolving whether Türkiye may also be liable, even if City Acoustics is not, would not streamline the factual issues that must be resolved at trial, and so Court need not resolve that question at this juncture.

**CONCLUSION**

For the reasons given above, the Report and Recommendation is **ADOPTED IN FULL**.

Specifically,

- Summary judgment on all claims is **GRANTED** for Defendants Turkevi LLC and ICTAS Contractor;

- Summary judgment on Plaintiff's claims under New York Labor Law § 200 and for common law negligence is **GRANTED** for Defendant Türkiye;

- Summary judgment on Plaintiff's claims under New York Labor Law § 200 and for common law negligence is **DENIED** for Defendant City Acoustics;

- Summary judgment on Plaintiff's claims under New York Labor Law § 241(6) is **DENIED** as to all moving parties.

In sum, Plaintiff's claims under New York Labor Law § 241(6) against Türkiye and City Acoustics survive, as do his claims under New York Labor Law § 200 and for common law negligence against City Acoustics.

By March 19, 2026, the remaining parties are directed to submit a joint letter stating the estimated length of trial and the parties' availability for a trial on the remaining claims during the months of July, August, and October 2026.  The parties shall further indicate whether they request a referral to the District's mediation program or to the assigned Magistrate Judge for a settlement conference.

The Clerk of Court is respectfully requested to close ECF Nos. 99 and 103, and to terminate

Defendants IC ICTAS Construction (Turkevi) LLC and IC ICTAS US Inc. from the docket.


SO ORDERED.

Dated: March 5, 2026

      New York, New York


                                        DALE E. HO
                             United States District Judge